UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| PHILLIP TANNER, ) | | |
| Plaintiff, ) | | |
| ) | No. 2:20-cv-157 | |
| -v- ) | | |
| ) | Honorable Paul L. Maloney | |
| DEAN A. PARKER, ) | | |
| Defendant. ) | | |
| ) | | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Phillip Tanner, a prisoner under the control of the Michigan Department of Corrections, filed a civil rights complaint alleging that Defendant Parker violated his rights under the First Amendment. Defendant filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies. (ECF No. 12.) The Magistrate Judge issued a report recommending the Court grant Defendant's motion. (ECF No. 18.) Plaintiff filed an objection. (ECF No. 19.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Magistrate Judge concludes that Defendant established that Plaintiff failed to exhaust administrative remedies. More specifically, Plaintiff did not pursue any grievance through the final Step III. In his objection, Plaintiff acknowledges that he never completed a grievance. Plaintiff insists that his failure should be excused because the grievance officer did things to "throw off the grievance process." (PageID.73.) Plaintiff describes some of the barriers allegedly created by the grievance officer, but did not support his assertions with any evidence. Plaintiff offers to bring copies with him to court.

The Court **ADOPTS** the Report and Recommendation. (ECF No. 18.) To avoid summary judgment, the non-moving party must present evidence to the court showing that a genuine issue of material fact exists. Promising that evidence could be produced at some later point will not suffice. Furthermore, on Plaintiff's unsworn statements, it is not clear to the Court that the grievance officer prevented Plaintiff from proceeding to Step III. A prisoner can file a Step II and a Step III appeal when the MDOC fails to timely provide a response.

Accordingly, the Court **GRANTS** Defendant's motion for summary judgment (ECF No. 12.) **IT IS SO ORDERED.**

Date: May 7, 2021                                                            /s/ Paul L. Maloney
                                                                                         Paul L. Maloney
                                                                                         United States District Judge